THE CONNECTICUT FIRE INSURANCE COMPANY, APPELLANT, *v.* THE ERIE RAILWAY COMPANY, RESPONDENT.

*Insurance — loss to property — release by owner to party causing — effect of, on rights of insurance company paying the loss.*

Certain buildings belonging to one Martin having been burned through the negligence of the defendant, a settlement was effected by which, in consideration of a certain sum of money paid to Martin, he discharged the company from all his loss and damages occasioned by the fire. Subsequently, he brought an action against the plaintiff upon a policy of insurance issued by it, and recovered judgment therein, upon payment of which he assigned to the plaintiff any claim against the defendant which might still remain in him after the said settlement. In an action by the plaintiff to recover the amount paid upon the policy of insurance; *held,* that as Martin had discharged all his claim against the defendant, he had no right of action against it which he could assign to the plaintiff, or to which it could be subrogated upon paying the amount of the policy.

APPEAL from an order made at Special Term, setting aside a verdict of the jury in favor of the plaintiff, and dismissing the complaint herein, and from the judgment entered in pursuance of the said order.

*Scott & Hirschberg,* for the appellant.

*Lewis E. Carr,* for the respondent.

DYKMAN, J. :

John Martin was the owner of certain buildings and premises in Orange county in the year 1872, and on the twentieth day of December in that year he procured them to be insured against fire by the plaintiff for the sum of $1,500. The property adjoined the railroad of the defendant, and on the 13th day of May, 1873, the buildings were destroyed by a fire which had its origin in sparks which were emitted from one of the locomotive engines running on the defendant's road. On the 10th day of September, 1873, Martin effected a settlement with the defendant for the damages he claimed to have sustained by reason of negligence in setting fire to and destroying his buildings, and received from the defendant the sum of $2,100 in money, and gave a full receipt and discharge to the company for all his loss and damage by the fire which destroyed his buildings.

In August, 1873, an action was commenced by Martin against the plaintiff to recover the amount of his insurance, which resulted in a judgment in favor of the plaintiff for the full amount of the claim. This judgment was paid by the plaintiff on the 11th day of February, 1874, and on that day Martin executed and delivered to the plaintiff an assignment which contained this clause : " The said John Martin hereby sells, assigns, transfers and sets over to the said insurance company all claim, demand and right of action against the said Erie Railway Company arising out of the fire aforesaid, which he now has or which may have remained to him after the settlement of the claim made by him against said Erie Railway Company as aforesaid." Now, this action is brought to recover the sum of $1,500, the amount of the insurance paid by the plaintiff. The case was tried at the Circuit, where a verdict was rendered for the plaintiff, which was set aside by the court on the minutes, and the case now comes to us on appeal from that order.

The right of the plaintiff to recover in this action is vested on the principle of equitable subrogation, a doctrine which had its origin and much of its growth in the Roman civil law, under the name of substitution ; and it is one of the many illustrations of the enlightened policy of that people, that a doctrine so much in accordance with the principle of natural justice should have early found a place in that splendid system of Roman law. It has been transplanted

from the civil law into our system of equity jurisprudence, and is very useful in bringing about just results in a great variety of cases. Concisely stated, it means that where one person discharges an obligation which primarily rests upon another, he shall be substituted to the place of a creditor in respect to the party who is primarily liable, and shall have the benefit of all securities or claims which are held by the creditor. The doctrine may be applied to cases of insurance as well as any others, as the chancellor said in the case of *The Etna Fire Insurance* v. *Tyler* (reported in the 16th of Wendell, 397). This principle of equitable subrogation, or substitution of the underwriters in the place of the assured, is recognized by every writer on the subject of insurance, and is constantly acted upon in courts of law as well as in equity; so that where the assured has any claim to indemnity for his loss against a third person who is primarily liable for the same, if the assured discharges such third person from his liability before the payment of the loss by the underwriters, he discharges his claim against them for such loss *pro tanto;* or, if he obtain payment from such third person afterwards, it is in the nature of salvage, which he holds as trustee for the underwriters who had paid the loss. So, in the case of *Gracie* v. *The New York Insurance Company* (8 Johns. R., 246), where there was a recovery by the assured for the full amount of the policy, upon the condemnation of a vessel and cargo under the Berlin and Milan decrees, Chief Justice KENT said that if the French government should at any time make compensation for the capture and condemnation, the United States would receive and hold the money as the trustee of the underwriters, who would clearly be entitled to be paid the same.

If this case is to be determined in accordance with the principles enunciated in the foregoing extracts, then there is very little trouble in reaching a satisfactory conclusion. At the time Martin made his assignment to the plaintiff he had settled with the defendant; had been paid the full amount of his damages, and had given a full discharge of all claim against the company; he therefore had no claim against the defendant at that time, in relation to which the plaintiff could be substituted and put in his place. The doctrine of subrogation can have no application where there is no person who is primarily liable to discharge the claim which is paid and discharged by the party seeking to be subrogated. Here the defendant, the

party primarily liable to pay for the loss, had done so — had discharged the obligation. Certainly there was no further claim of Martin against it, and there was, therefore, no claim of his to which the plaintiff could be substituted. The plaintiff cannot get through him what he cannot get himself. This seems to go to the very foundation of the plaintiff's claim, and must defeat a recovery.

After the destruction of the buildings Martin had two remedies for the recovery of his loss : one against the defendant, given to him by law, and one against the plaintiff by virtue of his contract of insurance. He had the right to pursue whichever of these remedies he chose in the first instance. If he had applied to plaintiff and been paid the amount of his policy, he might still have brought an action against the defendant, for. the recovery of his damages resulting from the negligence which caused the fire, and in such an action his recovery would not have been .diminished by any amount received from the insurance company. (*Merrick* v. *Brainard*, 38 Barb., 589 ; 34 N. Y., 208.)

We are not now called upon to determine what rights the plaintiff would have acquired by such payment to Martin. As the liability of the defendant to Martin was primary, it may be that the plaintiff, in that event, might have had a right of substitution; or, in an action against the plaintiff by Martin to recover this insurance, after having been paid by the defendant, he might have been limited in his recovery to an amount that would make good his loss. But we have no such case. Instead of applying to the plaintiff he applied to the defendant, and was paid a sum of money in full discharge of its liability. No fraud or collusion is alleged, and he had no further claim against the defendant, and it follows that the plaintiff had none.

The judgment must be affirmed, with costs.

Present — GILBERT and DYKMAN, JJ.    BARNARD, P. J., not sitting.

Judgment affirmed, with costs.